IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| OSCAR C. WELLS, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 12-2086-STA-tmp |
| HENRY STEWARD, | ) | |
| Respondent. | ) | |

ORDER OF DISMISSAL WITHOUT PREJUDICE
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On February 3, 2012, Petitioner Oscar C. Wells, Tennessee Department of Correction prisoner number 346355, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* on February 6, 2012. (ECF No. 3.) In an order issued on July 30, 2012, the Clerk directed Petitioner to submit an amended petition on the official form within thirty (30) days. (ECF No. 4.)

On August 10, 2012, Petitioner filed a motion seeking a copy of his original habeas petition, explaining that he was unable to

comply with the Court's order because he did not keep a copy of his filing and did not know what issues had been presented. (ECF No. 6.) On August 30, 2012, and October 2, 2012, Petitioner filed motions seeking extensions of time to file his amended petition. (ECF Nos. 7 & 8.) The Court issued an order on January 3, 2013, which was entered on January 7, 2013, denying the motion for free copies because Petitioner appeared able to afford the $6.50 in copying costs and directing Petitioner to submit his amended petition within sixty (60) days. (ECF No. 9.) Petitioner was further notified that "[n]o further extensions of time will be granted without a showing that extraordinary circumstances prevented Petitioner from filing his amended petition within the time afforded." (Id. at 2 (emphasis omitted).)

Petitioner has not submitted his amended petition, and the time within which to do so has expired. The July 30, 2012, order stated that, "[s]hould Petitioner fail to file an amended petition within the time specified, the Court will dismiss the action without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)." (ECF No. 4 at 2.) Therefore, the Court DISMISSES the Petition WITHOUT PREJUDICE, pursuant to Rule 41(b). Judgment shall be entered for Respondent.

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. Miller-El v. Cockrell, 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Bradley v.

2

Birkett, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. at 336, 123 S. Ct. at 1039; *see also* Henley v. Bell, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. Miller-El, 537 U.S. at 337, 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. Bradley, 156 F. App'x at 773.

In this case, there can be no question that Petitioner has failed to comply with the order to file an amended petition on the

official form. Petitioner also did not advise the Court at any time after issuance of the January 3, 2013, order that he was unable to pay for a copy of his original petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a),

that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[1]

IT IS SO ORDERED this 15th day of May, 2013.

                                                         **s/ S. Thomas Anderson**
                                                         S. THOMAS ANDERSON
                                                         UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).